IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Katayoun MOHAMMAD-ZADEH, Attorney at Law.

Supreme Court

*No. 96–2848–D. Filed December 27, 1996.*

(Also reported in 556 N.W.2d 755.)

PER CURIAM. We review the stipulation of the Board of Attorneys Professional Responsibility (Board)

and Attorney Katayoun Mohammad-Zadeh in which the parties agree that a 60-day suspension of Attorney Mohammad-Zadeh's license to practice law in Wisconsin is appropriate discipline to impose for her professional misconduct, the same discipline imposed for it by the Supreme Court of Minnesota. We accept the stipulation and adopt the findings of fact and conclusions of law set forth in it concerning Attorney Mohammad-Zadeh's professional misconduct established in the Minnesota proceeding. We determine that the license suspension to which the parties stipulated should be imposed.

Attorney Mohammad-Zadeh was admitted to practice law in Wisconsin in June, 1992 and in Minnesota in December of that year. She elected to become an inactive member of the State Bar of Wisconsin in October, 1994 and continues in that membership status. She currently resides in St. Paul, Minnesota.

On July 3, 1996, on stipulation of Attorney Mohammad-Zadeh and the Minnesota attorney disciplinary authorities, the Supreme Court of Minnesota suspended Attorney Mohammad-Zadeh's license to practice law there for 60 days as discipline for her failure to pursue immigration matters for two clients, misrepresenting to them that she had filed a petition for permanent residence and giving them a fabricated receipt for a filing fee purporting to show that the petition had been filed, when in fact she had not filed it. In this proceeding, the parties stipulated that the conduct to which Attorney Mohammad-Zadeh had stipulated in the Minnesota proceeding constitutes a failure to diligently pursue the clients' matter, in violation of SCR 20:1.3,[1] her misrepresentations concerning the status

---

[1] SCR 20:1.3 provides:

of the matter violated SCR 20:4.1(a),[2] and her alteration of a document to misrepresent to her clients that she had taken action in their matter violated SCR 20:8.4(c).[3]

The Supreme Court of Minnesota accepted the parties' stipulation to a 60-day license suspension as discipline for that misconduct, and we find no cause to conclude that the misconduct warrants substantially different discipline here. Accordingly, we accept the parties' stipulation to the disciplinary sanction to be imposed.

IT IS ORDERED that the license of Katayoun Mohammad-Zadeh to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

IT IS FURTHER ORDERED that Katayoun Mohammad-Zadeh comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:4.1 provides, in pertinent part:

**Truthfulness in statements to others**
In the course of representing a client a lawyer shall not knowingly:

(a) make a false statement of a material fact or law to a third person;

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;